UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BROWN,

    Plaintiff,

v.

TONY GEORGE, et al.,

    Defendants.

Case No. 23-10675
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]**

Henry Brown alleges that a host of defendants—including a witness, Detroit police officers, paramedics, prosecutors, a public defender, doctors, and employees of the Wayne County Medical Examiner—violated his due process rights, which resulted in his conviction for assault with intent to commit murder in 2011. Among other things, he alleges that Defendants conspired to hide the true identity of the victim from him and fabricated a gunshot wound to the victim's chest.

These allegations are contained in a pro se complaint asserting violations of 42 U.S.C. §§ 1983, 1985, and 1986. Because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), or by the statute of limitations, the Court will dismiss the complaint.

**I.**

Along with his complaint, Brown filed an application to proceed without prepayment of fees or costs. (ECF No. 6.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the

plaintiff demonstrates that they cannot pay such fees. Magistrate Judge David R. Grand has granted Brown's application to proceed without prepayment of the filing fee and costs. *See* (ECF No. 7); 28 U.S.C. § 1915(a)(1).

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL

2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III.

Brown asks for damages and injunctive relief under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of his due process rights during his criminal trial in state court.

Specifically, Brown alleges that in 2010, Detroit Police arrested him for a shooting. (ECF No. 1, PageID.3.) The victim told police her name was Shirley Ann Smith, but Brown knew her as "Ree-Ree." (*Id.*) Shortly after posting bond, Brown saw Ree-Ree again, who revealed she had given the police an alias. (*Id.* at PageID.4.) But she did not reveal her real name at that point. (*Id.*) According to Brown, Ree-Ree also admitted that she had faked a gunshot wound to her chest by taking the blood from the gunshot wound in her leg and applying it to her chest. (*Id.*)

But to Brown's shock, at his preliminary examination the police testified that they saw Ree-Ree with a gunshot wound to her chest. (*Id.* at PageID.5.) Brown also states that the police and prosecution hid Ree-Ree's true identity from him so he was made to go to trial without "any background information on who Ree-Ree really was." (*Id.*) Instead, during the trial, the prosecution referred to the victim as "Shirley Ann Smith," which is a known alias. (*Id.*) Further, Ree-Ree was never called at trial to testify because she could not be located, despite Brown moving to hire a private

3

investigator to find her. (*Id.* at PageID.5–6.) Brown also alleges some issues with his counsel's performance before and during trial. (*Id.*) Brown was eventually convicted of assault with intent to commit murder. (*Id.* at PageID.6.)

Several years later, in 2015, Brown learned that Ree-Ree had been murdered, and after some research, he surmised that Ree-Ree's real name was Sheressa Smith. (ECF No. 1, PageID.7.) With that information, he was able to obtain her autopsy report and confirm that Sheressa Smith was indeed Ree-Ree.[1] (*Id.*) The autopsy report did not note any scarring or a gunshot wound to her chest. (*Id.*) Brown states he filed a motion for relief from judgment in state court in 2016 based on the autopsy report, but the trial court denied it. (*Id.*)

Brown says he continued to look for information on Smith, including by hiring a private investigator. (ECF No. 1, PageID.7–8.) In April 2020, he received a mugshot and criminal history of Smith from the private investigator. From these materials, Brown concluded that "[s]he had an extensive criminal history along with several different alias names." (*Id.*) He also found out that Detroit police had arrested her "25 times" so they "clearly knew her and hid that fact before and during trial." (*Id.* at PageID.8.)

So Brown brought due process and conspiracy claims against several Defendants who he believed intentionally concealed Ree-Ree's identity, fabricated

---

[1] Brown says Smith's body was found at the same address that the shooting he was convicted for occurred and that the "external examination in the autopsy report left no doubts that Sheressa Smith was the person that the Plaintiff knew to be Ree-Ree." (ECF No. 1, PageID.7.)

4

medical records, perjured themselves, and obstructed justice. His complaint was signed and dated on March 20, 2023. (ECF No. 1, PageID.17.)

## IV.

### A.

The Court begins by noting that Brown's claims are reminiscent of federal habeas claims. And "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Likewise, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

It seems that at least some of Brown's claims are barred by *Preiser* or *Heck*. He asks for a declaratory judgment stating certain Defendants violated his Fourteenth Amendment Due Process Rights, an injunction ordering Defendants to turn over certain documents, compensatory damages for "the various costs of the requested documents" and the "complete amount for private investigation costs," and punitive damages for obstructing an investigation. (ECF No. 1, PageID.15–17.) A finding that Brown's criminal prosecution involved a due-process violation would likely mean his

5

confinement is invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

So to the extent he does seek release from prison, a resentencing, or compensatory damages for an unconstitutionally obtained conviction, his claims are barred by the *Preiser-Heck* doctrines.

**B.**

Regardless of any *Preiser-Heck* issues,[2] Brown's complaint must be dismissed because his claims are clearly untimely.

A federal court has the discretion to raise any statute-of-limitations issues sua sponte when screening a complaint under § 1915(e)(2)(B) and dismiss any claims barred by the applicable statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (stating that a prisoner complaint is subject to dismissal for failure to state a claim if relief is barred by the applicable statute of limitations); *Dellis v. Corr. Corp.*

---

[2] If Brown's claims are barred under *Heck*, they are not ripe for adjudication until his conviction or sentence is invalidated. *Heck*, 512 U.S. at 489–90 ("Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). The statute of limitations would not begin to run until this time. But the Court proceeds to analyze the statute of limitations to the extent Brown's claims are not *Heck*-barred.

6

*of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming the district court's sua sponte dismissal of in-forma-pauperis complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (court may sua sponte raise statute of limitations issue when the defense is apparent on face of the pleadings) (internal citations omitted); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.").

There is a three-year statute of limitations for § 1983 and § 1985 claims that arise in Michigan. *See Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)); *Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020) ("Plaintiffs' federal claims [under § 1983 and § 1985] are subject to three-year statutes of limitations."). And § 1986 provides a one-year statute of limitations. *See* 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

To the extent that any claims are not barred by *Preiser* or *Heck*, they are time-barred on the face of his complaint. The majority of events Brown discusses took place in either 2010 or 2011—plainly well before the applicable one- or three-year statute of limitations. These include claims related to his criminal trial, the prosecution's failure to investigate or verify Ree-Ree's identity, the submission of fraudulent medical records, and any alleged tampering with Ree-Ree's 2011 autopsy report. (*See* ECF No. 1, PageID.13–15.)

Further, the main claim Brown seems to be making is that various Defendants conspired to hide Ree-Ree's true name from him while prosecuting assault charges against him. (*See, e.g.*, ECF No. 1, PageID.8 ("The Detroit Police had an alias name placed on the autopsy report . . . attempted to foreclose the Plaintiff from ever finding out who the true victim was in his case . . . [and] had a false chest wound placed in the medical records to further obstruct the investigation.").) But Brown himself admits that he learned Ree-Ree's real name in 2016. (*Id.* at PageID.7 (explaining he filed a motion for relief from judgment in state court after discovering the autopsy report of Sheressa Smith).) So at the very latest, his claims would have accrued at that point because Brown would have had all of the information he needed to conclude that Ree-Ree's true identity was not revealed to him in preparation for trial. *See Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (declining to decide whether the standard rule "that a claim accrues when the plaintiff has a complete cause of action" should be applied over the "competing discovery rule: that the claim accrues when the plaintiff knows of, or should have known of, that cause of action"). In other words, any due-process violation occurred during Brown's prosecution in 2011, and at the latest, he learned of this failure to disclose information when he learned Smith's real name in 2016. Yet, Brown decided to do more research on Smith rather than bring a federal lawsuit.

Indeed, the only events in his complaint that occurred within the three-year statute-of-limitations period are Brown hiring a private investigator "to try and find out background information on Sheressa Smith" and learning that Smith had an

8

"extensive criminal history along with several different alias names." (ECF No. 1, PageID.8.) But Brown does not explain why he could not have accessed this information earlier given that he knew her real name in 2016, or how this information impacted his ability to bring his due-process and conspiracy claims. So even if Brown did not have the information necessary to show that Defendants intentionally hid Smith's true identity from him when the trial occurred, he had the ability to find that information in 2016 upon learning Smith's real name. And to the extent Brown's claim is that Smith's criminal history could have been used in his favor at trial, that claim is improper. *See Heck*, 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Thus, his failure to file suit until 2023 is, on the face of the complaint, untimely.

## V.

In sum, the Court dismisses Brown's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because his claims are *Heck*-barred or untimely.

SO ORDERED.

Dated: June 7, 2023

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE